# INSTRUCTION NO. \_\_\_\_

The court will now explain the claims and defenses of each party to the case and the law governing the case. Please pay close attention to these instructions. These instructions include both general instructions and instruction specific to the claims and defenses in this case. You must consider all the general and specific instructions together. You must all agree on your verdict, applying the law to the facts as you find them to be.

The parties to this case are: Timothy Julch, the plaintiff, and Allstate Fire and Casualty Insurance Company ("Allstate"), the defendant.

Mr. Julch claims: On March 21, 2014, he was injured in a local roadway motor vehicle collision, when another vehicle operated by David Kinney caused this collision by colliding into the rear of Mr. Julch's vehicle. Mr. Julch sustained head, knee, neck and back injuries in this collision, for which he obtained medical care, treatment and physical therapy. Mr. Julch submitted a claim against Mr. Kinney and to Mr. Kinney's auto insurer for his above injuries and losses, and Mr. Kinney's auto insurer settled that claim for $100,000.00, the maximum amount of liability coverage provided under, or the policy limits of, Mr. Kinney's auto insurance policy. That settlement was consented to by Allstate, Mr. Julch's own auto insurer. Mr. Julch had also submitted a claim to Allstate for benefits under his underinsured motorist coverage provided in his own auto insurance policy with Allstate. Allstate denied Mr. Julch was entitled to any underinsured motorist benefits. Based on these facts, Mr. Julch brought claims for underinsured motorist benefits owed under insurance contract and unreasonable denial of underinsured motorist benefits.

Allstate denies that it breached its insurance policy with the plaintiff, or unreasonably denied benefits owed to plaintiff or otherwise acted unreasonably. Allstate admits that the plaintiff submitted a claim for benefits, but questioned the nature and extent of plaintiff's claimed damages. Allstate submits that Plaintiff was fully compensated for his claimed damages through his settlement with Mr. Kinney. Allstate asserts as an affirmative defense that plaintiff failed to mitigate his damages..

These are the issues for you to decide.

## INSTRUCTION NO. 2

1.      The plaintiff has the burden of proving each of his claims by a preponderance of the evidence.

2.      The defendant has the burden of proving each of its affirmative defenses by a preponderance of the evidence.

3.      To prove something by a "preponderance of the evidence" means to prove that it is more probably true that not.

4.      "Burden of proof" means the obligation a party has to prove his claims or its defenses by a preponderance of the evidence. The party with the burden of proof can use evidence produced by any party to persuade you.

5.      If a party fails to meet his or its burden of proof as to any claim or defense or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, then you must reject that claim or defense.

# INSTRUCTION NO. 3

The evidence in this case consists of the sworn testimony of all the witnesses, all exhibits which have been received in evidence, and all facts which have been admitted or agreed to.

In deciding the facts, you must consider only the evidence received at trial. Evidence offered at the trial and rejected or stricken by the court must not be considered by you. Statements, remarks, arguments, and objections by counsel and remarks of the court not directed to you are not evidence.

You are to consider only the evidence in this case and the reasonable inferences from that evidence. An inference is a conclusion that follows, as a matter of reason and common sense, from the evidence. Put another way, evidence may be either direct or circumstantial. Circumstantial evidence is proof of facts or circumstances from which the existence or nonexistence of other facts may be reasonably inferred. All other evidence is direct evidence. The law makes no distinction between the effect of direct evidence and circumstantial evidence.

Any finding of fact you make must be based upon probabilities, not possibilities. You should not guess or speculate about a fact.

The weight of evidence is not necessarily determined by the number of witnesses testifying to a particular fact.

You must not be influenced by sympathy or by prejudice for or against any party in this case.

The lawyers have highlighted certain parts of some exhibits. However, it is for you to determine the significance of the highlighted parts.

## INSTRUCTION NO. 4

You have heard the parties stipulate or agree to the existence of a fact.  This agreement makes the presentation of any evidence to prove this fact unnecessary.  The agreement means that you must accept these facts as true.

**INSTRUCTION NO. 5**

You are the sole judges of the credibility of the witnesses and the weight to be given their testimony. You should take into consideration their means of knowledge, strength of memory and opportunities for observation; the reasonableness or unreasonableness of their testimony; the consistency or lack of consistency in their testimony; their motives; whether their testimony has been contradicted or supported by other evidence; their bias, prejudice, or interest, if any; their manner or demeanor upon the witness stand; and all other facts and circumstances shown by the evidence which affect the credibility of the witnesses.

Based on these considerations, you may believe all, part or none of the testimony of a witness.

**INSTRUCTION NO. 6**

A witness qualified as an expert by education, training or experience may state opinions. You should judge expert testimony just as you would judge any other testimony. You may accept it or reject it, in whole or in part. You should give the testimony the importance you think it deserves, considering the witness's qualifications, the reasons for the opinions, and all other evidence in the case.

# INSTRUCTION NO. 7

The defendant, Allstate Fire and Casualty Insurance Company, is a corporation and can act only through its officers and employees. Any act or omission of an officer or employee while acting within the scope of his or her employment is the act or omission of the defendant corporation.

# INSTRUCTION NO. 3

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, and other organizations stand equal before law, and are to be treated as equals.

# INSTRUCTION NO. 9

The Plaintiff retained counsel to represent him and act on his behalf regarding his claim with Defendant.  Any act or omission of Plaintiff's counsel while dealing with Defendant on behalf of Mr. Julch is the act or omission of Mr. Julch.

# INSTRUCTION NO. 10

For the plaintiff, Tim Julch, to recover from the Defendant, Allstate, on his claim of breach of contract, you must find all of the following four statements have been proved by a preponderance of the evidence:

1. Allstate entered into a contract with the plaintiff to provide underinsured motorist benefits;

2. The Plaintiff incurred damages caused by the March 21, 2014 motor vehicle accident, as described by the three categories Listed in Instruction No. 19, which exceed the $100,000 policy limits of the liability insurance covering the at-fault driver.

3. Allstate has failed to pay underinsured motorist benefits which the Plaintiff is entitled to recover; and

4. The plaintiff substantially complied with his obligations under the insurance policy.

If you find that any one or more of these four statements has not been proved, then your verdict must be for the Defendant.

On the other hand, if you find that all of these four statements have been proved, then your verdict must be for the plaintiff.

INSTRUCTION NO. \_\_16\_\_

The word "cause" as used in these instructions means an act or failure to act which a natural and probable sequence produced the claimed injury. It is a cause without which the claimed injury would not have happened.

**INSTRUCTION NO. 12**

For the plaintiff, Timothy Julch, to recover from the defendant, Allstate Fire and Casualty Insurance Company, on his claim of unreasonable denial of payment of benefits, you must find all of the following have been proved by a preponderance of the evidence:

1.     The defendant denied payment of benefits to the plaintiff; and

2.     The defendant's denial of payment was without a reasonable basis.

If you find that either of these statements has not been proved, then your verdict must be for the defendant on this unreasonable denial claim.

On the other hand, if you find that both statements have been proved, then your verdict must be for the plaintiff on that claim.

# INSTRUCTION NO. 13

When investigating a claim, an insurer has a duty to diligently search for evidence which supports its insured's claim, and not merely seek evidence upholding its own interests.

Implicit in an insurer's duty to investigate is a requirement that the investigation be adequate and fair.

# INSTRUCTION NO. 14

The statutes of Colorado prohibit an insurance company from willfully:

1.      Refusing to pay claims without conducting a reasonable investigation based upon all available information;

2.      Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds; or

3.      Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

You may consider any such conduct in determining whether the defendant acted unreasonably in denying payment on plaintiff's UIM benefits claim if you find that:

1.      The defendant willfully engaged in such conduct;

2.      Such conduct caused or contributed to the defendant's denial of payment of the plaintiff's UIM benefits claim; and

3.      Such conduct caused or contributed to any of the plaintiff's claimed injuries, damages or losses.

## INSTRUCTION NO. 15

"Unreasonable conduct" is the failure to do an act that a reasonably careful insurance company would do, or the doing of an act that a reasonably careful insurance company would not do, under the same or similar circumstances, to protect the persons insured from injuries, damages or losses.

"Unreasonable position" means a position taken by an insurance company with respect to a claim being made on one of its policies that a reasonably careful insurance company would not take under the same or similar circumstances.

## INSTRUCTION NO. 16

An insurer's denial in authorizing payment of a covered benefit is unreasonable if that action is without a reasonable basis.

## INSTRUCTION NO. 17

The reasonableness of an insurer's decision to deny benefits to its insured must be evaluated based on the information that was before the insurer at the time it made its coverage decision.

## INSTUCTION NO. 18

The insurer has a right to protect its own interests along with those of the insured, and these interests run parallel to each other, neither being superior. Because the insurer/insured relationship is based in contract, the insurance policy, both parties have a duty to protect their own interests, although each party also owes the other a duty of good faith and fair dealing.

# INSTRUCTION NO. ___19

Plaintiff, Timothy Julch, has the burden of proving, by a preponderance of the evidence, the nature and extent of his injuries, damages, and losses caused by the March 21, 2014, motor vehicle collision. If you find in favor of the plaintiff on his claim for underinsured motorist benefits owed under insurance contract, you must determine the total dollar amount of Mr. Julch's injuries, damages, and losses which were caused by the negligence of David Kinney in that collision.

In determining such damages, you shall consider the following:

1.      Any noneconomic losses or injuries which the plaintiff has had to the present time or which he will probably have in the future, including: physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life. In considering damages in this category, you shall not include actual damages for physical impairment or disfigurement, because these damages, if any are to be included in a separate category.

2.      Any economic losses or injuries which the plaintiff has had to the present time or which the plaintiff will probably have in the future, including: loss of earnings; reasonable and necessary medical, hospital, treatment and other expenses; and loss of household services.  In considering damages in this category, you shall not include actual damages for physical impairment or disfigurement, because these damages, if any are to be included in a separate category.

3.      Any physical impairment. In considering damages in this category, you shall not include damages included for losses or injuries already determined under either numbered paragraph 1 or 2 above.

# INSTRUCTION NO. 2 0

"Physical impairment" means an alteration of an individual's health status that is assessed by medical means. Physical impairment can generally include any physiologic disorder or condition affecting the musculoskeletal system which substantially limits, restricts, or interferes with one or more major life activities of a person, such as walking, working, performing manual tasks, caring for oneself, and other such similar types of major activities. Physical impairment constitutes an injury for which compensation is to be awarded whether or not pain and suffering or inconvenience is also involved.

**INSTRUCTION NO.** 2 1

The fact that an instruction on measure of damages has been given to you does not mean that the court is instructing the jury to award or not to award damages. The question of whether or not damages are to be awarded is a question for the jury's consideration.

Difficulty or uncertainty in determining the precise amount of damages does not prevent you from deciding an amount. You should use your best judgment based on the evidence.

# INSTRUCTION NO. 22

At the beginning of this trial, plaintiff, Timothy Julch, had a life expectancy of 36.1 years. This expectancy is taken from the 2017 National Vital Statistics Reports mortality table. This table is not conclusive but may be considered together with other evidence relating to the plaintiff's health, habits, and occupation.

## INSTRUCTION NO. 23

If you find that the plaintiff, Tim Julch, has had actual damages, then you must consider whether the defendant, Allstate, has proved its affirmative defense of plaintiff's failure to mitigate or minimize damages. The plaintiff has the duty to take reasonable steps under the circumstances to mitigate or minimize his damages. Damages, if any, caused by plaintiff's failure to take such reasonable steps cannot be awarded to the plaintiff.

This affirmative defense is proved if you find both of the following have been proven by a preponderance of the evidence:

1. The plaintiff unreasonably failed to seek medical advice for his claimed back injury or unreasonably failed to follow that medical advice once received.

2. The plaintiff had some increased damages because he did not seek such medical attention for his claimed back injury.

If you find that any one or more of these propositions has not been proved by a preponderance of the evidence, then you shall make no deduction from plaintiff's damages.

On the other hand, if you find that both of these propositions have been proved by a preponderance of the evidence, then you must determine the amount of damages caused by the plaintiff's failure to take such reasonable steps. This amount must not be included in your award of damages.

**INSTRUCTION NO. 24**

These instructions contain the law that you must use in deciding this case. No single instruction states all the applicable law. All the instructions must be read and considered together.

You must not be concerned with the wisdom of any rule of law. Regardless of any opinion you may have as to what the law should be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court.

The Court does not, by these instructions, express any opinion as to what has or has not been proved in the case, or to what are or are not the facts of the case.

## INSTRUCTION NO. 25

The Bailiff will now escort you to the jury room. After you get to the jury room you shall select one of your members to be the foreperson of the jury. That person will be in charge of your discussions. You must all agree on your verdict, and you must sign the original form of whatever verdict you reach.

Please notify the Bailiff when you have reached a verdict, but do not tell the bailiff what your verdict is. You shall keep the verdict forms, these instructions and the exhibits until the court gives you further instructions.